

FILED
NOV 19 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

*****************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 04-10004 |
| | * | CIV 07-1012 |
| Plaintiff, | * | |
| | * | ORDER AND OPINION ON |
| -vs- | * | MOTION TO VACATE |
| | * | |
| JONATHAN W. LARRABEE, | * | |
| | * | |
| Defendant. | * | |

*****************************************************************************

Defendant pleaded guilty to second degree murder and was sentenced to 363 months custody to be followed by five years supervised release. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed.

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, along with an application to proceed without the prepayment of fees. Defendant contends in his petition that (1) he was sentenced beyond the sentence he agreed to in the plea agreement, (2) he was denied the effective assistance of counsel in explaining the consequences of his guilty plea, and (3) his sentence was imposed in violation of the Federal Sentencing Guidelines. Defendant filed a motion to file his brief within 30 days and he did so file a brief in support of his motion. Defendant contends in his brief that (1) he was denied the effective assistance of counsel in conjunction with his guilty plea, (2) he was denied the effective assistance of counsel in conjunction with an upward departure above the advisory guidelines range, (3) his guilty plea was not knowing and voluntary, (4) his trial attorney had a conflict of interest because he advised him to accept a guilty plea to second degree murder, (5) he was not competent when he entered his guilty plea, and (6) he was denied the effective assistance of counsel because trial counsel failed to investigate the charges against him.

I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court.

## I. Sentencing Guidelines Issues.

The United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that other than a prior conviction, facts used to enhance a sentence must either be admitted by the defendant or submitted to the jury and found beyond a reasonable doubt. The United States Supreme Court applied the rule in Apprendi in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), striking down a Washington determinate sentencing guidelines scheme. On January 12, 2005, the United States Supreme Court applied the Apprendi rule to the Federal Sentencing Guidelines in United States v. Booker/Fanfan, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Supreme Court in Booker/Fanfan excised a portion of the Sentencing Reform Act to make the Federal Sentencing Guidelines advisory only. United States v. Booker/Fanfan, 543 U.S. at 245, 125 S.Ct. at 756-57.

The rule "announced in Booker/Fanfan does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir.2005). Mr. Larrabee was sentenced on January 3, 2005, in the interim between Blakely and Booker/Fanfan. He appealed his conviction and it was not yet final when the Booker/Fanfan opinion was issued.

When I sentenced Mr. Larrabee, I correctly concluded and predicted that the Supreme Court would later strike down the Federal Sentencing Guidelines and that the Guidelines should be applied as advisory only, based on the ruling in Blakely. Had I applied the Guidelines as mandatory, the United States Court of Appeals would have remanded this matter to me for re-sentencing, taking the Guidelines into account as advisory only. United States v. McMorrow, 434 F.,3d 1116, 1118 (8th Cir. 2006), United States v. Mashek, 406 F.3d 1012, 1015 (8th Cir. 2005). The United States Court of Appeals for the Eighth Circuit affirmed the sentence I imposed upon the defendant. United States v. Larrabee, 436 F.3d 890 (8th Cir. 2006).

Defendant contends that he was entitled to be sentenced in accordance with a mandatory sentencing guidelines scheme and that I was required to sentence him within the Guidelines range calculated by the probation office, 151-188 months. He contends that Blakely, which was the law in effect when he was sentenced, prevented me from considering any sentencing facts not admitted by defendant or found by a jury. As set forth above, had I applied the Guidelines as mandatory, the United States Court of Appeals would have remanded this matter to me for re-

sentencing, taking the Guidelines into account as advisory only. United States v. McMorrow, 434 F.,3d 1116, 1118 (8th Cir. 2006), and United States v. Mashek, 406 F.3d 1012, 1015 (8th Cir. 2005). Under an advisory sentencing scheme, "[a] court may consider any evidence in its sentencing determination that has sufficient indicia of reliability to support its probable accuracy." United States v. Marshall, 411 F.3d 891, 894 (8th Cir. 2005).

Defendant contends that he was not given notice of my intention to depart upwardly.

> Rule 32(h) provides that under certain circumstances the district court
> must give notice to the parties that it is contemplating a departure from the
> guidelines range. However, notice pursuant to Rule 32(h) is not required
> when the adjustment to the sentence is effected by a variance, rather than
> by a departure.

United States v. Long Soldier, 431 F.3d 1120, 1122 (8th Cir. 2005). I had notified the defendant prior to the entry of his guilty plea that I had determined, based upon Blakely, that the Federal Sentencing Guidelines were unconstitutional. I therefore sentenced the defendant pursuant to 18 U.S.C. § 3553. Defendant's sentence was not a departure based upon a specific Guidelines section but was instead in the nature of a variance. Defendant was not entitled to Rule a 32(h) notice of a variance. United States v. Sitting Bear, 436 F.3d 929, 932 (8th Cir. 2006).

Defendant cannot succeed on his claim for relief arising out of the application of the Federal Sentencing Guidelines.

## II. Ineffective Assistance of Counsel.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (*quoting* Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the defendant. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998). Defendant "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." *Id.*, *citing* Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068. Defendant "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to

section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### A. Guilty Plea

Petitioner contends that counsel advised him that, if he pleaded guilty to second degree murder, he would be sentenced to no more than 188 months custody under the Federal Sentencing Guidelines. Even if counsel failed to advise him of the maximum penalty he was facing and the effect of the Federal Sentencing Guidelines on his sentence, I carefully and completely advised him at the change of plea hearing regarding the application of the Federal Sentencing Guidelines to his case. I advised him in writing prior to his change of plea, and again at the plea hearing, that I was not bound by the Federal Sentencing Guidelines. I did not estimate any sentence. I told him any estimate made by his counsel or anyone else was just an estimate. I told him his sentence may be longer and neither he nor his counsel could know on the date of his plea what information would come up during the presentence investigation which might impact the length of his sentence. I advised him that the maximum term of incarceration for the crime of second degree murder was life. That information was also set forth in the plea agreement, which he signed and testified that he had read and understood fully. Defendant testified that he understood those things and wanted to plead guilty anyway. I asked defendant at the change of plea hearing whether anyone had promised him what his sentence would be and he stated "No." His claim of ineffective assistance as it relates to advice as to the length of his sentence is frivolous.

The defendant was advised by me in no uncertain terms that I would be determining, based upon a preponderance of the evidence, the facts that would be used to determine his sentence. He testified under oath that he understood that matter. "[U]nder the second prong of the *Strickland* test the 'defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial.'" Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997 ) (*quoting* Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). *Accord*, Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001). Defendant "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea[s] based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993).

4

Defendant has, in essence, alleged ineffective assistance of counsel in persuading petitioner to enter into the plea agreement. He clearly testified under oath to the contrary at his plea hearing.

> "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (citations omitted). Here, as shown in part I, during the plea hearing [petitioner] stated that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty, and admitted his guilt and volunteered statements that confirmed that admission. [Petitioner] has a heavy burden to overcome those admissions and show that his plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977); *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), cert. denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979).

Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). The defendant can not make out a claim of ineffective assistance of counsel as to the plea agreement nor can he make out a valid claim that his plea was not entered knowingly and voluntarily.

At his change of plea hearing, he was asked: "other than the plea agreement, did anyone promise you anything else to get you to plead guilty" to one or more of the charges contained in the indictment? Under oath, he testified "No."

"[D]efendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997 ) (*quoting* Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). Defendant signed a factual basis statement wherein he admitted the conduct set forth in Count I of the indictment. During the change-of-plea hearing, defendant twice testified under oath that the factual basis statement was true and correct. Defendant has not set forth facts showing that he would have gone to trial and denied his conduct. There is no evidence in the record which can overcome the persuasive evidence of voluntariness of defendant's plea. He has not satisfied the second prong of Strickland.

Defendant contends that counsel labored under a conflict of interest because counsel encouraged him to plead guilty. He further contends that counsel failed to investigate the reliability of the prosecution's case against him. Defendant contends that, had counsel not

5

induced him to plead guilty, there is a reasonable probability that a trial would have "incurred a favorable result."

Defendant's claims are, at best, conclusory. Defendant must show that, "but for counsel's [alleged] unprofessional errors, the result of his proceeding would have been different." Hill v. Lockhart, 28 F.3d 832, 837 - 838 (8th Cir. 1994) (*quoting* Strickland v. Washington, 466 U.S. at 691 - 695, 104 S. Ct. at 2067 - 2069). There is no chance that he would not have been convicted at trial. "The elements of second degree murder, for purposes of crimes committed on Indian lands within the Eighth Circuit, are (1) the unlawful taking of a human life with (2) malice aforethought." United States v. Lame, 716 F.2d 515, 518 (8th Cir. 1983). Malice aforethought "may be established by evidence of conduct which is 'reckless and wanton, and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm.'" United States v. Graham, 323 F.3d 605, 609 (8th Cir. 2003) (*quoting* United States v. Black Elk, 579 F.2d 49, 51 (8th Cir.1978)).

The assault upon the Sylvan George Beautiful Bald Eagle was witnessed by Donovan Guy Sam. Defendant hit Bald Eagle in the head with a wood log. The assault was without provocation and was perpetrated because Bald Eagle had signed a petition (signed by many other Native Americans) to banish the defendant from the reservation. Bald Eagle went into a seizure and never regained consciousness. He was bleeding. The co-defendant and Sam could not get the bleeding to stop. Bald Eagle was moved to another room and left there while the defendant, co-defendant, and Sam continued drinking. Defendant prevented Sam from leaving to get help for Bald Eagle, assaulting Sam and cutting his neck with a knife. The cruelty and total lack of human compassion on the part of the defendant clearly showed what great danger the defendant presents to the public. Sam passed out and the defendant and his co-defendant left the residence. Defendant laughed about beating up Bald Eagle and Sam the next day. He went to the casino the next day and was advised that the victims were taken to the hospital and he was wanted for questioning. Defendant went to his mother's house, washed the blood out of his clothes, and fled to North Dakota. The victim died as a result of a skull fracture and a severe brain injury with brain swelling. There were no facts to support a defense to the charge of second degree murder.

6

Defendant has not set forth facts showing that he would have gone to trial and denied his conduct. He has not set forth any facts which he claims should have been discovered which could have exculpated him. Defendant failed to set forth "sufficient allegations of facts which, if true, would justify relief." *See* Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978). There is no evidence in the record which can overcome the persuasive evidence of voluntariness of defendant's plea. He has not satisfied the second prong of Strickland as it relates to his claim that counsel was ineffective in failing to properly investigate the claims against him.

### B. At Sentencing and On Appeal.

Defendant contends that counsel was ineffective for failing to raise at sentencing and on appeal his argument that he was entitled to be sentenced under a mandatory sentencing range of 151-188 months. Defendant contends that, in the interim between Blakely and Booker/Fanfan, the law applicable was that the Guidelines were mandatory and no departures were authorized unless based upon facts admitted to by the defendant or found by a jury. Defendant contends that applying the Guidelines as advisory prior to the Supreme Court's issuance of Booker/Fanfan amounts to a violation of the *Ex Post Facto* Clause of the United States Constitution.

As set forth above, application of the Booker/Fanfan rule that the Guidelines are to be applied as advisory only does not violate defendant's substantive rights because his sentence was not yet final when the Supreme Court issued that ruling. The result of his appeal would therefore not have been different had counsel raised that claim.

Defendant contends that counsel was ineffective for failing to argue at sentencing that he had no notice of an upward departure. As set forth above, defendant was not entitled to notice of a variance from the advisory Guidelines range.

Defendant contends that counsel was ineffective for failing to object to an enhancement for obstruction of justice. I applied the enhancement for obstruction of justice based upon the defendant's conduct in fleeing to North Dakota after the murder. He had clearly interfered with both the investigation and the prosecution of his crime. I stated that, with a two level enhancement, his advisory Guidelines range would be 188 to 235 months. I determined,

however, based upon the factors set forth in 18 U.S.C. § 3553, that the appropriate sentence was 363 months. It is difficult to satisfy the prejudice element of Strickland.

> [A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. The defendant must [therefore] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Hill v. Lockhart, 28 F.3d 832, 837 - 838 (8th Cir. 1994) (*quoting* Strickland v. Washington, 466 U.S. at 691 - 695, 104 S. Ct. at 2067 - 2069). Any failure on the part of counsel to object to an enhancement for obstruction of justice did not prejudice defendant. Whatever his advisory Guideline range was, the appropriate sentence was 363 months.

### III. Involuntary Plea.

Defendant contends that his plea was not knowing and voluntary because he understood that the maximum penalty he faced was 188 months. As set forth above, I advised him at the change of plea hearing that any estimate made by his counsel was just an estimate and his sentence may be longer and neither he nor his counsel could know on the date of his plea what information would come up during the presentence investigation which may impact the length of his sentence. I advised him that the maximum term of incarceration for the crime of second degree murder was life. He has also previously been advised by the magistrate as to what the maximum penalty was. I also advised him that I had found that any Guidelines range was advisory only and that I was not bound by the Federal Sentencing Guidelines. Defendant testified that he understood those things and wanted to plead guilty anyway. I asked defendant at the change of plea hearing whether anyone had promised him what his sentence would be and he stated "No." His claim that his plea was involuntary because he pleaded guilty based upon a promise that his sentence would not exceed 188 months is frivolous.

Defendant contends that he was on medication which affected his ability to understand the consequences of his plea. This contention is contrary to his testimony under oath at the change-of-plea hearing. At that hearing I specifically asked whether "as you sit here in court today are you under even the slightest influence of any intoxicating beverage, medicine, or drug of any kind?" He responded "No." At the change-of-plea hearing petitioner declared, under

8

oath, that he did understand the proceedings, that he was "fully" satisfied with his lawyer, that no one had said or done anything to compel him to plead guilty, and that he was not under duress. Based upon his answers, I found that he was competent at that time to enter a plea of guilty. "Defendant's later conclusory claim that he did not understand what was going on rings hollow." United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood the proceeding, was satisfied with his attorney, and had committed the crimes charged).

Defendant did not seek to withdraw his guilty plea at any time before sentencing. It would then have been his obligation to show fair and just grounds for withdrawal. United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998). Had defendant been incompetent to plead guilty, he should have raised that issue on or before the sentencing date. Further, allegations that an attorney misled the defendant into accepting the plea are insufficient to justify the withdrawal of the plea as involuntary. *See* United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam) (defendant's reliance on attorney's mistaken impression about length of sentence is insufficient to render plea involuntary as long as court informed defendant of maximum possible sentence).

### IV. Appointment of Counsel.

Defendant has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). "The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). Defendant filed an extensive brief setting forth the legal and factual basis for his claims. I have reviewed the record and can discern no arguably meritorious issues that appointed counsel could have raised. The appointment of counsel is not required in this case.

### V. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true,

would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the defendant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

### IT IS ORDERED:

1. Defendant's motion, Doc. 98, to vacate, set aside, or correct sentence is denied.

2. Defendant's motion, Doc. 97, for documents for filing a motion to vacate is moot as he did in fact file his motion on the correct forms.

3. Defendant's motion, Doc. 100, for time to file a brief in support of his motion to vacate is moot as he did in fact file such brief and the Court considered the brief.

4. Defendant's application, Doc. 101, to proceed without the prepayment of fees is denied as moot. There are no fees for filing a motion to vacate in a criminal case.

5. Defendant's motion, Doc. 103, for a hearing is denied.

6. Defendant's motion, Doc. 104, for the appointment of counsel is denied.

Dated this 16th day of November, 2007.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Paepke
DEPUTY
(SEAL)

10