

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 04-10004 |
| | * | |
| Plaintiff, | * | |
| | * | ORDER AND OPINION ON |
| -vs- | * | MOTION TO VACATE ORDER |
| | * | |
| JONATHAN W. LARRABEE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**************************************************************************

Defendant pleaded guilty to second degree murder and was sentenced to 363 months custody. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed.

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was denied upon initial consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court on November 20, 2007. Defendant appealed and I denied the motion for a certificate of appealability. The United States Court of Appeals for the Eighth Circuit also denied a motion for a certificate of appealability. The mandate issued May 23, 2008.

Defendant has filed a motion to vacate my November 20, 2007, order denying his previous motion to vacate, ostensibly on the basis of Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) authorizes the court to relieve a party from a final judgment for "any other reason that justifies relief." Defendant's motion challenges the validity of his sentence and the validity of my previous order denying his motion to vacate.

It is clear that defendant seeks relief under Rule 60(b) in order to avoid the requirement in 28 U.S.C. § 2244(b)(3) that he obtain authorization from the Court of Appeals to file a second or successive motion to vacate. See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). The United States Court of Appeals for the Eighth Circuit has instructed:

It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading.

United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (internal citations omitted).

Defendant's Rule 60(b) motion "is the functional equivalent of a second or successive habeas petition under § 2255. Having failed to obtain the requisite certificate of appealability form the Court of Appeals, his motion must be denied." Collins v. United States, 2010 WL 599391 (D.S.D. February 16, 2010) (Lawrence L. Piersol, District Judge).

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 123, to vacate order and judgment is denied.

Dated this 25th day of March, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
            DEPUTY
        (SEAL)

2