UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JONATHAN LARRABEE,<br>Defendant. | 1:04-CR-10004-CBK<br>ORDER |

Defendant pleaded guilty to second degree murder and was sentenced on January 3, 2005, to 363 months imprisonment. Based upon a total offense level of 32 and a criminal history category of V, defendant's guideline sentencing range was 188 - 235 months. I found defendant was a very dangerous, hardened person who was likely to repeat crimes. The BOP has calculated his release date as December 11, 2026. https://www.bop.gov/inmateloc/, last visited January 29, 2024.

Defendant filed a motion for compassionate release under the First Step Act. This case has been categorized as a low priority case. The Public Defender has filed a notice of intent not to supplement the motion. The government objects to the motion.

### DECISION

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion of the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Commission was established by the Sentencing Reform Act, codified at 18 U.S.C. § 3582(c)(1)(A). Effective November 1, 2006, the Sentencing Commission adopted Guideline §1B1.13, the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the

compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

On December 21, 2018, the First Step Act of 2018 was enacted. Pub. L. 115-391. The First Step Act amended, *inter alia*, § 3582(c)(1)(A) to increase the use and transparency of the compassionate release process. The Act added district court authority to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Effective November 1, 2023, the United States Sentencing Commission amended § 1B1.13, Amendment 814, to respond to the amendments to the First Step Act of 2018, commanding the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Amendment 814 "expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act."

The district court cannot entertain defendant's motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3552(c)(1)(A). The government contends that defendant has failed to exhaust any administrative remedies. The government filed a copy of the defendant's records from the BOP as required by Standing Order 20-06. There is no record that the defendant sought compassionate release from the warden. Defendant does not allege that he has done so.

Even if the defendant has exhausted his administrative remedies, this is not a case wherein compassionate release is warranted. The defendant went to a residence where the victim, Sylvan George Beautiful Bald Eagle, was and murdered him without

provocation by hitting him in the head with a wood log. Following the assault, the victim was moved to another room and left there while defendant and his half-brother continued to drink and prevent anyone in the residence from leaving to obtain help for the victim. The victim was found unconscious in the residence the next day and died two days later after having never regaining consciousness. United States v. Larrabee, 436 F.3d 890, 892 (8th Cir. 2006). At sentencing I imposed an upward variance stating "I do think that the defendant has a long record of violence and that he needs to be confined for a long period of time to protect the public" and "considered the need for the sentence imposed 'to protect the public from further crimes of the defendant.'" United States v. Larrabee, 436 at 893. Neither the defendant's motion nor his prison record show any change in the defendant's danger to the community.

I find that defendant is not entitled to compassionate release. He is a danger to the community and a lower sentence would not serve the interests in protecting the public and affording just punishment to the defendant for his offense conduct.

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. 226, for compassionate release is denied.

DATED this 12th day of May, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3